IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 1:22-cr-00196-JRR-1 |
| SHAWN HORTON, | |
| *Defendant.* | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Shawn Horton's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (ECF No. 37; the "Motion.") The court has reviewed all papers.

**I.   BACKGROUND**

Horton is an inmate serving a 60-month sentence. (ECF No. 34.) Horton is currently housed at FCI Hazelton and has served approximately 37 months of his sentence. (ECF No. 42.) His projected release date is October 28, 2026.[2]

On March 10, 2022, Horton possessed and sold an untraceable, privately made firearm (a "ghost gun") and ammunition to a confidential informant within the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). (ECF No. 24, Attach. A.) Horton had modified the gun to allow it to carry extra rounds of ammunition. *Id.* Two weeks later, ATF agents executed a search warrant of Horton's residence and recovered a rifle loaded with several rounds of ammunition. *Id.*

---

[1] Horton requests that the court appoint the Office of the Federal Public Defender to represent him. Horton's request is denied as moot in view of the filing at ECF No. 39 in which the Office of the Federal Public Defender states that it declines to file a supplement to the Motion.

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 28, 2025); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

A search of Horton's cellphone revealed further communications concerning the sale of firearms. *Id.*

On June 1, 2022, Horton was indicted for Possession of Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g).  (ECF No. 1.)  Horton pled guilty on November 15, 2022.  (ECF No. 24.)  The court calculated Horton's final offense level to be 21 and determined that he had a criminal history category of VI, resulting in a Guidelines range of 77–96 months of imprisonment.  (ECF No. 40 at 10:11–22..)   On February 15, 2023, Horton was sentenced to 60 months of incarceration to be followed by three years of supervised release.  (ECF No. 34.) Defendant filed the present Motion on January 18, 2024.  (ECF No. 37.)  In his Motion, Horton asserts that he qualifies for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  *Id.*

## II.  LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c).  This "rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018).  One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

"Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *United States v. Gary*, No. CR JKB-08-0086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024) (citing *United States v. Riley*, Crim. No. ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022)). The multi-part Amendment 821 is one such amendment. *Id.* Part A of Amendment 821 concerns the calculation of criminal history, specifically the application of "status points." *United States v. McElrath*, No. ELH-21-0137, 2024 WL 4529278, at *3 (D. Md. Oct. 17, 2024) (quoting *Gary*, 2024 WL 1641007, at *1). Part A decreases a defendant's status points by one if the defendant has seven or more total criminal history points and eliminates the status points entirely if the defendant has six or fewer criminal history points. *See Gary*, 2024 WL 1641007, at *1; *see McElrath*, 2024 WL 4529278, at *3 (same); *United States v. L.*, No. CR DKC 11-489-1, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) (same).

Part B "provides for a decrease of two offense levels if [eleven] conditions are met," *see McElrath*, 2024 WL 4529278, at *3, including:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

3

>    **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>    **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and
>    **(11)** the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a).

### III. ANALYSIS

Horton brings his Motion under Part A of Amendment 821, asserting that he is entitled to a sentence reduction. (ECF No. 39.) Horton specifically identifies criminal history, status points, and an updated § 4A1.1(d) as bases for a sentence reduction. *Id.* Ultimately, Horton is not eligible for a reduction in sentence for two reasons: first, a one-point reduction of Horton's criminal history score does not impact the relevant sentencing Guidelines range; and second, Horton received a sentence below the Guidelines range.

At the time of his sentencing, Horton's criminal history score was calculated to be 14, which corresponds to criminal history category VI. (ECF No. 27 ¶ 37.) Pursuant to Amendment 21, Horton's status points would be reduced by one based on him having more than seven criminal history points; his new criminal history score would then be 13.[3] However, a criminal history score of 13 still places Horton in criminal history category VI, so his Guidelines range remains unchanged.[4] 18 U.S.C. § 3582(c)(2) requires that any sentence reduction be consistent with applicable policy statements found in the Sentencing Guidelines. Section 1B1.10(a)(2) is one of these applicable policy statements; it prohibits a reduction if the amendment does not result in a

---

[3] U.S. Sent'ng Guidelines Manual §4A1.1(e), at 390 (U.S. Sent'ing Comm'n 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2024/GLMFull.pdf (last visited July 28, 2025).
[4] *Id.* at Ch. 5 Pt. A

lower Guidelines range for the defendant. This provision is relevant here, as Amendment 821 reduces Horton's criminal history score but does not impact his criminal history category.

Further, Horton's original Guidelines range was 77–96 months, based on his total offense level (21) and criminal history category VI. (ECF No. 40 at p.10.)  Because Horton's original sentence of 60 months is already below the relevant Guidelines range, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the Guidelines, which prohibit reductions to a term of imprisonment less than the minimum of the amended Guidelines range absent a government motion for substantial assistance.  In fact, even if Horton's criminal history score were reduced enough to place him in category V, his amended Guidelines range would be 70–87 months, meaning that he would still be ineligible for a sentence reduction.

### IV.  CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, it is this 29th day of July 2025,

**ORDERED** that the Motion (ECF No. 37) shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Horton.

/s/
Julie R. Rubin
United States District Judge