IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal No.: 1:22-cr-00196-JRR-1 |
| **SHAWN HORTON,** | |
| *Defendant.* | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Shawn Horton's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 42; the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rules 105.6, 207 (D. Md. 2023). For the reasons that follow, the Motion will be denied.

### I.    BACKGROUND

Horton is an inmate serving a 60-month sentence. (ECF No. 34.) Horton is currently housed at FCI Hazelton and has served approximately 37 months of his sentence. (ECF No. 42.) His projected release date is October 28, 2026.[1]

On March 10, 2022, Horton possessed and sold an untraceable, privately made firearm (a "ghost gun") and ammunition to a confidential informant within the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). (ECF No. 24, Attach. A.) Horton had modified the gun to allow it to carry extra rounds of ammunition. *Id.* Two weeks later, ATF agents executed a search warrant for Horton's residence and recovered a rifle loaded with several rounds of ammunition. *Id.* A search of Horton's cellphone revealed further communications concerning the sale of firearms. *Id.*

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 7, 2025); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

On June 1, 2022, Horton was indicted for Possession of Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g).  (ECF No. 1.)  Horton pled guilty on November 15, 2022.  (ECF No. 24.)  The court calculated Horton's final offense level to be 21 and determined that he had a criminal history category of VI, resulting in a Guidelines range of 77-96 months of imprisonment.  (ECF No. 40 at 10:11–22.)  On February 15, 2023, Horton was sentenced to 60 months of incarceration to be followed by three years of supervised release.  (ECF No. 34.)

On April 29, 2025, Horton wrote a letter to this court requesting that he be released.  (ECF No. 42).  The court liberally construes the letter to request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.     LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c).  "However, Congress created an exception to that general rule when 'extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  "For many years, district courts could reduce a term of imprisonment on that ground only 'upon motion of the Director of the Bureau of Prisons.'"  *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A) (2002)).  "But in 2018, Congress passed the First Step Act, which 'permits incarcerated defendants to file motions for compassionate release directly with the district court, provided they have fully exhausted their administrative remedies.'"  *Brown*, 78 F.4th at 128 (quoting *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023)).

Section 3582(c)(1)(A), as amended by the First Step Act, provides in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

2

>   (1) in any case.—
>
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Accordingly, when considering a motion for compassionate release, the court "must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Malone*, 57 F.4th at 173 (citing 18 U.S.C. § 3582). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

Thus, even if the court concludes that such extraordinary and compelling circumstances exist, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The section 3553(a) factors include: "(1) the nature of the offense and the defendant's characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) the kinds of sentences available and the applicable Guidelines range; (4) any pertinent Commission policy statements; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution to victims." *United States v. Johnson*, No. CR

ELH-99-352, 2023 WL 7130950, at *21 (D. Md. Oct. 27, 2023).

"A district court need not provide an exhaustive explanation analyzing every § 3553(a) factor." *United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021). "Further, a district court is not required to address each of a defendant's arguments when it considers a motion for compassionate release under § 3582(c)(1)." *Id.* In *Jenkins*, the Fourth Circuit explained:

> Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case. *Chavez-Meza*, 138 S. Ct. at 1965 (affirming the district court's "barebones form order" denying defendant's request for a sentence modification under § 3582(c)(2)); *see also High*, 997 F.3d at 191 (applying *Chavez-Meza* to affirm the district court's denial of a § 3582(c)(1)(A) motion for compassionate release).
>
> In *Chavez-Meza*, the Supreme Court held:
>
>> In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others. But in other cases, more explanation may be necessary (depending, perhaps, upon the legal arguments raised at sentencing).
>
> *Chavez-Meza*, 138 S. Ct. at 1965.
>
> In other words, there is no "categorical requirement" that a court acknowledge and address each of the defendant's arguments on the record. *Id.* at 1965. Instead, the relevant standard is whether the district court "set forth enough to satisfy [this] court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority, so as to allow for meaningful appellate review." *High*, 997 F.3d at 190 (quoting *Chavez-Meza*, 138 S. Ct. at 1965).

*Id.* at 170–71.

### III. ANALYSIS

While Horton does not explicitly mention compassionate release or "extraordinary or compelling reasons," he requests that the court "releave/release [*sic*] [him] of the remainder of [his] prison time . . . ." (ECF No. 42 at p. 7.) Consequently, the court assesses this request through the U.S.C. § 3582(c)(1)(A) framework. Horton's primary assertion is that he has been fully rehabilitated. *Id.* at p. 6. Additionally, Horton requests that he be permitted to serve the remainder of his sentence in his community, either in "home confinement or supervision release." *Id*. at p. 7.

#### A. Exhaustion of Administrative Remedies

Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to file a motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has explained:

> [Section] 3582(c)(1)(A) "outlines two routes" for requesting compassionate release in the district court, "one of which does not require exhaustion of administrative remedies." *Muhammad*, 16 F.4th at 131. Specifically, the defendant may move for compassionate release "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphases supplied). Stated differently, "the threshold requirement" to file a compassionate release motion is "satisfied if a defendant requests the [BOP] to bring a motion on [his] behalf and *either* fully exhausts all administrative rights to appeal the [BOP]'s decision *or* waits 30 days from the date of [his] initial request." *Muhammad*, 16 F.4th at 131 (emphases in original). In short, the defendant is not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release. Therefore, we see no reason to limit his motion for compassionate release in the

5

district court to only those grounds for compassionate release he identified in his request to the BOP.

*United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022), *cert. denied,* 144 S. Ct. 1007 (2024) (emphasis in original) (footnote omitted).

There is no evidence that Horton has filed a request for compassionate release with the warden of FCI Hazelton. He has thus failed to demonstrate that he fully exhausted his administrative remedies before filing suit. This basis alone warrants denial of the Motion.

### B. Extraordinary and Compelling Reasons

Even assuming Horton had exhausted his administrative remedies, he is still not entitled to the relief he seeks. Horton's request for compassionate release is based on his assertion that he has been rehabilitated. (ECF No. 42 at p. 1–2.) Alternatively, ff the court declines to grant his Motion, Horton requests that he be allowed to carry out the rest of his sentence either in home confinement or on supervised release.[2] *Id.* at p.7.

In general, "the district court enjoys broad discretion in conducting § 3582(c)(1)(A) analysis." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). In *United States v. Taylor*, however, the Fourth Circuit noted that "[w]hen deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" 820 F. App'x. 229, 230 (4th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Relevant here, the Policy Statement codified at U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" ("Policy

---

[2] Only the Bureau of Prisons has authority to release a prisoner to home confinement under 18 U.S.C. § 3624(c)(2). *See United States v. Horton*, Crim. No. ELH-19-115, 2025 WL 240999 at *12–13 (D. Md. Jan. 17, 2025) (explaining that "the Court lacks the authority . . . to compel the BOP to release [defendant] to home confinement. But, the Court has the authority to reduce defendant's sentence to time served, with home confinement as a condition of supervised release, *if the sentence reduction is warranted*." (emphasis in original)). Thus, the court will analyze the instant Motion under 18 U.S.C § 3582(c)(1)(A).

Statement").

The standard for compassionate release—extraordinary and compelling reasons— is a high bar. Although Horton's participation in various institutional programs while incarcerated is commendable, rehabilitation alone is insufficient to qualify an inmate for compassionate release. 28 U.S.C. § 994(t); *see also United States v. Davis*, No. 21-6960, 2022 WL 127900 at *1 (4th Cir. January 13, 2022); *United States v. Herndon*, No. ELH-19-268, 2023 WL 3645538 at *5 (D. Md. May 25, 2023) (citing Davis, 2022 WL 127900 at *1). At the time of sentencing, this court concluded that Horton had a final offense level of 21 and a criminal history category of VI. (ECF No. 40 at 10:11–22.) Horton's Guidelines range was calculated to be 77-96 months; the court ultimately sentenced him to 60 months, a below-Guidelines sentence, finding that it was "sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2)." *Id.* at 30:21–31:2. The court's reasoning from 2023 remains sound today.

After considering Horton's Motion and recognizing that rehabilitation, while relevant, is not itself sufficient to satisfy the extraordinary and compelling reasons standard, the court concludes that Horton has not demonstrated adequate grounds to warrant compassionate release.

## IV. <u>CONCLUSION AND ORDER</u>

Accordingly, it is this 29th day of July 2025, **ORDERED** that the Motion (ECF No. 42) shall be, and is hereby, **DENIED**. Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Horton.

/s/
Julie R. Rubin
United States District Judge